EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
JOSÉ M. PABÓN ALMODÓVAR, acusado y apelante.

Número: CR-62–129    Resuelto: 16 de noviembre de 1962

Rafael A. Pesquera, abogado del apelante; *J. B. Fernández
Badillo, Procurador General,* y *Juan A. Faría, Procurador
General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández
y los Jueces Asociados Señores Blanco Lugo y Ramírez
Bages.

PER CURIAM: José M. Pabón fue convicto de homicidio in-
voluntario por un jurado y sentenciado a cumplir una pena
de catorce meses de cárcel. Apeló y señala la comisión de
dos errores.

1—El primer apuntamiento se refiere a la actuación del
juez que presidió el proceso al no permitir que se trajera a de-
clarar nuevamente a William Espinet, único testigo de cargo

que declaró sobre los hechos, con el propósito de sentar las bases para impugnar su testimonio. Al concluir la presentación de prueba por el ministerio fiscal se renunció al testimonio de otros testigos cuyos nombres figuraban al dorso de la acusación, y entre los cuales se encontraba el policía Ismael Águila Galán. Después que el abogado defensor conferenció con este testigo intentó presentar su declaración sobre una versión supuestamente conflictiva que el único testigo de cargo le había dado en el curso de la investigación del accidente. El fiscal se opuso por el fundamento de que no se habían sentado las bases para ello y el juez lo sostuvo, a pesar de que se le aclaró por la defensa que había tenido conocimiento de las manifestaciones contradictorias al entrevistar al testigo Águila. Evidentemente confundido, el magistrado se refería continuamente a que el fiscal le había facilitado la declaración jurada que el testigo Espinet prestó durante la investigación fiscal. No obstante, la defensa no solicitó formalmente que se le permitiera sentar nuevamente al testigo Espinet. Se limitó meramente, en el curso de su argumentación, a exponer que "Entonces habría que traer otra vez a Espinet. Si la ley no fuera como es, o si se permitiera que la defensa pudiera interrogar a los testigos del Pueblo, esta situación no ocurriría." A continuación, las partes y el juez se enfrascaron en una discusión sobre si era propio que la defensa entrevistara los testigos de cargo antes del juicio. Pero no hubo solicitud formal para que se ordenara la comparecencia del testigo Espinet ni resolución del magistrado en uno u otro sentido. En estas condiciones, no puede plantearse la cuestión por primera vez en apelación. ■

2—Se queja el apelante de la intervención indebida del juez en el interrogatorio de los testigos. Hemos examinado los incidentes señalados y en realidad se trata de preguntas dirigidas a aclarar el testimonio prestado. Sin embargo, convenimos con el apelante en que ciertos comentarios hechos por el juez eran improcedentes e innecesarios, pero apreciada

toda la situación en conjunto, no creemos que fueron perjudiciales al acusado. Cfr. *Pueblo* v. *Aletriz*, 85 D.P.R. 646 (1962).

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Arecibo, en 14 de noviembre de 1961.*